Tompkins, J,,
delivered, the opinion of the Court.
This was an action of assumpsit, brought by the plaintiff in the Circuit Court, (plaintiff also here,) against the administrators of Smith, for the amount of certain moneys charged to he paid by said plaintiff for said Smith, in his lifetime, and at his request.
On the trial, it was proved that Smith and Chamberlain had, for some time, traded together as partners, in Massachusetts; that before the year 1814, they had dissolved partnership, and divided the stock on hand; that Smith undertook to pap *516 all debts due by said firm, and was authorized to collect; for his own use, all moneys then due to the late concern; that after Smith left the State, before he had settled the affairs of the late partnership, and that after his departure, the plaintiff paid debts of the late firm to the amount of $920 68, out of his own funds; that after Smith left Massachusetts, and before the payment of the said sum of $920 68 by the plaintiff) he wrote to the plaintiff, requesting him to attend to his business, and promising to remit money, &c.; that in 1818, Smith wrote to the plaintiff from St. Louis, requesting to know how much he’ owed, and saying he was going to Massachusetts, and would then pay all he owed; that the plaintiff received, of moneys due Smith, in 1814, $384 82, leaving a balance due him, in November, 1814, of $585 86; that the plaintiff admitted a further credit of $270 29, to said Smith, received in May, 1815. The plaintiff claimed interest on $585 86, from November, 1814, the time it was paid, at Smith’s request, up to the time of the finding of the verdict, deducting $270 29, which he had received, to the use of Smith, in May, 1815,
The plaintiff prayed the Court to instruct the jury, to allow him interest from the time the money aforesaid was paid, which instruction was refused; and the Court instructed the jury, that the plaintiff was only entitled to interest, if, in their opinion, there had been an unreasonable and vexatious delay. The jury'allowed interest on the balance due, fronr the time of commencing the suit only. The plaintiff then moved for a new trial, on the ground that the Court had mis-instructed the jury. The Court refused the new trial. The plaintiff claims interest under the statute of Missouri, entitled an act regulating the interest on money, which reads thus: “ Creditors shall be allowed to receive interest on money lent; on money for the forbearance of payment, whereof an express promise hath been made, for the payment of interest thereof; on money due, on the settlement of accounts, from the day of liquidating accounts between the parties, and ascertaining the balance; on money received to the use of another, and retained without the owner’s knowledge; on moneys withheld, by an unreasonable and vexatious delay of payment.”
The instruction given by the Court, was the only one which, in our opinion, could have been given with propriety. The evidence, in our opinion, entitled the plaintiff to the interest which he claimed; and had he moved for a new trial, on the ground that the verdict was against evidence, we should not doubt that the Circuit Court erred in refusing a new trial.
The judgment of the Circuit Court is affirmed.